IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GORDON W. SAGE,

        Petitioner,   :   Case No. 3:13-cv-408

- vs -   District Judge Thomas M. Rose
   Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

        Respondent.   :

## REPORT AND RECOMMENDATIONS

Petitioner Gordon W. Sage brought this habeas corpus action to obtain relief from his conviction in the Montgomery County Common Pleas Court for aggravated murder, aggravated burglary, aggravated robbery, and having weapons while under disability (Petition, Doc. No.1, ¶ 4, PageID 1).

The records of this Court reflect that Sage previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 related to the same conviction. *Sage v. Warden, Mansfield Correctional Institution*, Case No. 3:09-cv-205 (Petition, Doc. No. 1, ¶ 5, PageID 1).  That case was dismissed with prejudice on September 19, 2011 (Case No. 09-205, Doc. Nos. 21, 22) and the Sixth Circuit denied Sage's application for a certificate of appealability (Case No. 09-205, Doc. No. 27).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read as follows:

>   (b)
>
>   (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>>   (B)
>>>   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>>
>>>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>   (3)
>>   (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>>
>>   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

A district court lacks jurisdiction to consider a second or successive petition without approval by the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007). Sage has filed in this Court without obtaining permission of the Sixth Circuit. In *In re Sims,* 111 F.3d 45 (6th Cir. 1997), the Court of Appeals was faced with the question what a district court should do when a

habeas petitioner seeks permission to file a second or successive petition, but improperly seeks permission from the district court.  It answered by following the Second Circuit's decision in *Liriano v. United States*, 95 F.3d 119 (2nd Cir. 1996), that such a motion should be transferred to the Court of Appeals under 28 U.S.C. §1631.  However, the district court must decide in the first instance whether a petition or § 2255 motion is second or successive.  *In re: Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 8089 (6th Cir. 2012).

> Sage pleads one ground for relief:
>
>> **Ground One:**  The contractual plea agreement contains an unenforceable clause and is void *ab initio* depriving the court of subject matter jurisdiction to enforce it against Petitioner, depriving Petitioner of due process of law.
>>
>> **Supporting Facts:**  The written contractual pleas agreement in this case contains an unenforceable clause committing Petitioner to "Post-Release Control" which is not enforceable upon him.  As this clause is unenforceable, the entire contract is void *ab initio* and the court is without subject matter jurisdiction to enforce it, and to do so is violative of the Due Process rights of the Petitioner under the 5th and 14th Amendments.

(Petition, Doc. No. 1, PageID 4.)  This Ground for Relief was not presented in the Petition in the prior case.  Sage does not rely on any new rule of constitutional law adopted by the United States Supreme Court and made retroactively applicable to cases on collateral review.  Nor has he shown any factual predicate for us claim which was not available to him at the time he signed the plea agreement of which he complains.

Because the instant Petition is a "second or successive" petition within the meaning of the AEDPA, it should be TRANSFERRED to the United States Court of Appeals for the Sixth

Circuit for a determination of whether Petitioner may proceed. Without that permission, this Court does not have jurisdiction.

December 11, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).